**R. E. HINSHAW, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 33021. Promulgated June 28, 1929.

*Eldridge Hart, Esq.*, for the petitioner.
*L. L. Hight, Esq.*, for the respondent.

1238

OPINION.

LOVE: While there were originally five assignments of error, raising that many issues of fact, evidently in view of the inadequacy of the proof with reference to four of them, petitioner, by counsel, waived all except assignment No. 2, which is still insisted upon.

Was there, or was there not, a partnership in 1922 composed of petitioner, his wife, and his son; and was all of the income of the business in 1922 chargeable to petitioner only, or should only his distributable share of such income be chargeable to him? That is the only question now to be determined.

There are no facts in the record that directly attack the bona fides of the purported partnership contract. The terms, conditions, and phraseology of that document certainly are all sufficient to constitute a partnership. The evidence pertaining to actual operations under that contract are very meager. Mrs. Hinshaw contributed $5,000 out of a total of over $70,000, cost in building up the business, and there is no evidence that the son contributed any amount of the capital investment. There is ample evidence that the son contributed his time and services, but no evidence that the wife contributed any service.

However, the contract itself stipulates that each of the parties to that contract " is the owner of an undivided one-third interest in all of the assets " that prior to that time had belonged to the corporation, and thence forward formed the assets of the new business.

As a matter of law, it may be said that regardless of the question as to whether or not the wife and son had contributed any, or an equal part of the capital, the father then and there had a legal and moral right to give to each such interest in the business as he felt inclined to give them; and that the document was, on its face, sufficient to invest each of them with the legal and equitable title to the interest therein stipulated, and that it did so invest them and each of them with an undivided one-third interest.

Having reached the conclusions above indicated, we hold that the petitioner is liable for income tax on only his distributable share of the net income of the business conducted by the partnership.

*Judgment will be entered under Rule 50.*